Mathews, J.
delivered the opinion of the court. These cases having been consolidated by order of the court below, and judgments rendered for the plaintiffs ; the defendants, who were intervening parties, appealed.
It appears by the record that an execution, which issued on a judgment obtained in the dis *62 trict court of the first judicial district, by the appellants against the heirs of one Fletcher, was transmitted to a sheriff of the third district, and that, under color of authority given by said execution, he seized and advertised for sale, land, which is claimed by the appellees, as belonging to them.
East’n District.
May, 1820.
They instituted suits in the court of the latter district, and obtained injunctions against the sheriff, by which he was interdicted from proceeding to sell the property thus seized. The plaintiffs in execution intervened, and pleaded the general issue to the actions, & also demurred to the evidence adduced by the plaintiffs in support of their declarations. It is not shown that any plea to the jurisdiction of the court a quo was made, denying its authority to interfere and stay the progress of an execution, which had issued from another district ; which, in pursuance of that pleading might preclude the necessity of inquiring into that subject ; but as the counsel, for the appellants has here insisted on the want of such jurisdiction, as error apparent on the face of the record (although not regularly assigned in writing, in conformity with the rule in such cases ordained) and as there is a statement of facts sufficient to sustain the jurisdiction of this court, it is considered proper to in *63 quire into the authority and jurisdiction of the inferior court. We regret that no explicit mode of procediug, in cases like the present, has been pointed out by any act of our legislature. The difference, which exists in the organization and powers of our courts of justice, from the Spanish tribunals, and the alterations, which have been introduced in the manner of proceeding in suits, frequently create difficulty, in applying the principles of the ancient laws of the country, to our present situation, and we are often compelled, in the investigation of questions of law, rather to reason by analogy, than to make regular inductions from clear and well established premises. According to the regulations of the Spanish laws, on the subject of execution, where the judgment of one court was to be executed within the jurisdictional limits of another, the execution proceeded under the orders and directions of the judge of the latter place, and where opposition was made to its proceeding, on grounds wholly incidental to the original cause, the claims and rights of the opposer were to be decided upon by the judge, who held cognizance of the principal suit, in the first instance ; but if the claimant, or tercero opositor, claimed the property taken in execution as his own, his rights were finally decided upon by the *64 judge who conducted the execution without resorting in any manner to him who judged the original case. It would seem from this mode of proceeding, that claims of the latter description, were considered so far original suits, as not of necessity to be incidental to, and solely cognizable by the tribunal, from whence the execution issued. Viewing the cases now under consideration as original actions, and the defendants, being domiliciated in the parish in which they were commenced, no doubt can exist of a proper exercise of jurisdiction, by the district court of the 3d judicial district. But it is said that to allow one court of the state, to enjoin the process of another, may create an improper conflict of authority, and subject a ministerial officer to the absurd situation of owing obedience to the orders of two distinct powers, at the same time : the one commanding him to proceed, and the other prohibiting him from acting. In answer to this objection to the mode of proceeding by the appellants in the,present suits, it may be observed, that the writ of execution (a fieri facias) requires the sheriff to seize the property of the defendant, and if he seizes that of another person, of which the latter has the possession, and it be claimed, on affidavit the officer might perhaps raise the levy and pro *65 ceed against other property. Should he proceed to sell after a claim supported by affidavit, great injustice might be done to the claimant, and such as can only be remedied, or rather prevented, by a prompt interference of some court of justice, which could probably be most speedily obtained in the place where the property is seized. Legal remedies ought, in all cases, to be adequate to relieve from the injuries which they are intended to redress. This maxim might not prove to be true in the effect, if a just claimant in Ouachita were obliged to resort to the judge of the 1st judicial district, to prevent himself and family from being turned out of house and home, by an improper execution of a fieri facias, issuing from the latter place. When property is claimed by a tercero opositor, as his own, which has been seized in execution as belonging to a person, against whom judgment may have been obtained, it ought not to he sold until such claim be decided on, and the sooner such decision can be obtained, the better for all parties ; which would probably be in the parish, where the seizure may have been made. As to the unpleasant situation in which it is supposed the officer might be placed, in consequence of being required to proceed by one judge, and restrained by another, it ought not, *66 and could not take place, on the principle that petitions for injunctions, in cases like these, are so far original suits, as to authorise the court of the district, where the property is seized, though not the same from which the execution issued, to hold cognizance of them.
Duncan for the plaintiff, Turner for the defendants.
In relation to the demurrer to the evidence, offered by the plaintiffs in support of the petitions, we will briefly observe, that although they have not shown a title, derived from the sovereign of the country, yet having proved their possession of the property in dispute, under such deeds as are exhibited in the record, they ought to be maintained in it, as the plaintiffs in execution have shown no title in Fletcher’s heirs.
It is, therefore, ordered adjudged and decreed that the judgment of the district court be affirmed, and that the appellants pay costs in both courts. Martin, J. dissented.